IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY MASSEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LEE ESTOCK and )<br>ATTORNEY GENERAL OF THE )<br>STATE OF PENNSYLVANIA, )<br>)<br>Respondents. ) | Civil Action No. 1:20-cv-271 |

**MEMORANDUM ORDER**

Wesley Massey is a state prisoner incarcerated at SCI Pine Grove.[1] In this habeas case, which Massey has filed under 28 U.S.C. § 2254,[2] he seeks an order directing SCI Pine Grove's Superintendent, Lee Estock, to "compassionately release" him to home confinement due to the risk posed by COVID-19. (ECF No. 8 at 10).

In his Petition (ECF No. 8) and later filings, Massey points out that SCI Pine Grove is experiencing an outbreak of COVID-19. He asserts that he has underlying medical conditions (diabetes, hypertension, heart disease and obesity) that make him high-risk for mortality if he were to contract COVID-19. He alleges that officials at SCI Pine Grove are deliberately indifferent to his health and safety needs in violation of his Eighth Amendment rights and are also violating his substantive due process rights. (ECF No. 8 at 5).

---

[1] Massey is serving an aggregate term of imprisonment on judgments of sentences imposed by the Courts of Common Pleas of Erie and Crawford Counties. (ECF No. 8 at 1). His minimum sentence will expire on November 22, 2021. (ECF No. 8-1 at 2).

[2] Section § 2254 is the habeas statute available to prisoners in custody pursuant to the judgment of a state court. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a).

Not long after he commenced this action, Massey also filed a motion (ECF No. 4), styled as one for emergency injunctive relief, within which he sought an order from the Court directing that he be released immediately to bail pending the outcome of this habeas case. (*See* ECF No. 5 at 15). The Court denied that motion in a Memorandum Order issued on November 2, 2020. (ECF No. 7). The Court held that Massey did not show that this case presented the type of extraordinary or exceptional circumstances that would entitle him to bail pending review of his habeas petition. *See, e.g.*, *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). The Court based its decision on various factors, including the fact that Massey already is challenging his conditions of confinement as they pertain to COVID-19 in a separate civil action he filed under 42 U.S.C. § 1983 that is pending in this Court in *Massey v. Wetzel, et al.*, No. 2:20-cv-722. In September 2020, Judge Baxter denied the motion for a preliminary injunction that Massey had filed in that case in which he made the same assertions that he made in the emergency motion for bail in this habeas case.

The Court also observed that it has long been the rule in the Third Circuit that a state prisoner cannot challenge the conditions of confinement in a habeas action. *See, e.g.*, *Williams, et al. v. Sec'y Pennsylvania Dep't of Corr.*, 459 F. App'x 87, 88-89 (3d Cir. 2012) (citing *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)); *Lopez v. Wetzel*, No. 12-cv-96, 2012 WL 345215, *1-5 (W.D. Pa. Feb. 1, 2012). Although the Court of Appeals in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020) held that *immigration detainees* could challenge their conditions of confinement as they relate to COVID-19 in a habeas petition under 28 U.S.C. § 2241, it did not expressly extend that rule to state prisoners who are in custody pursuant to a criminal judgment.

The Court has directed the Respondents to address in their Answer, which is due within 21 days of service of the Petition, (1) the allegations in the Petition; (2) whether Petitioner can

challenge the conditions of confinement as they relate to the COVID-19 pandemic in a petition for a writ of habeas corpus; and, (3) what, if any, state court remedies are available to Petitioner. (ECF No. 13).

Pending before the Court is Massey's motion requesting that the Court reconsider its November 2, 2020 Memorandum Order. (ECF No. 13). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A litigant who fails in the first attempt to persuade a court to adopt his position may not use a subsequent motion for reconsideration to rehash arguments already made and rejected, or to advance additional arguments that the litigant could have made, but chose not to make, when the initial motion was being decided. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (in the interest of finality at the district court level, "motions for reconsideration should be granted sparingly"; litigants "are not free to retry issues the court already decided.")

None of the arguments and the evidence Massey relies on in support of his motion qualify as one of the three limited circumstances that warrant reconsideration, which are: (1) an intervening change in the controlling law; (2) the availability of new evidence that was unavailable when the court denied the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Maxs Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The Court does not discount Massey's concerns about COVID-19. That said, he simply is not entitled to an order from this Court granting him the extraordinary relief that he be released from imprisonment pending the disposition of his habeas petition.

The Court also takes judicial notice that Massey recently filed in his § 1983 action a similar motion asking Judge Baxter to reconsider her decision denying him preliminary injunctive relief given the recent increase in the number of COVID-19 cases at SCI Pine Grove. (ECF No. 22 in No. 2:20-cv-722). Judge Baxter held a telephonic hearing on his motion and on December 30, 2020 she denied Massey's motion, explaining:

> The Court does not question that COVID presents a risk of serious harm to those confined in prisons, and that Plaintiff, as an obese, hypertensive diabetic, is particularly vulnerable to the virus's effects. Nonetheless, the question before the Court is whether the Eighth Amendment requires Defendants to do more than they are already doing to mitigate the risk of harm. *Although the virus has spread within SCI-Pine Grove since the Court issued its Orders, an increase in infection rate alone is insufficient to prove deliberate indifference, especially in light of the many preventative measures the institution has implemented, as previously detailed in the Court's Order of September 15, 2020. These measures demonstrate that Defendants are making every reasonable effort to protect inmates against the virus and to treat those who have contracted it. The record simply does not support any suggestion that Defendants have turned the kind of blind eye and deaf ear to a known problem that would indicate deliberate indifference to the welfare of its inmates and staff. Thus, Plaintiff has failed to present a sufficient basis for this Court to reconsider its prior Orders denying Plaintiff injunctive relief.*

(ECF No. 36 in No. 2:20-cv-722) (emphasis added).

For these reasons, there is no basis for this Court to reconsider its November 2, 2020 Memorandum Order. As a result, Massey's Motion for Reconsideration (ECF No. 13) is DENIED.

So ORDERED this 20th day of January, 2021

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge